UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BONTEMPS, | No. 2:12-cv-1480 TLN GGH P |
| Petitioner, | ORDER AND |
| v. | FINDINGS AND RECOMMENDATIONS |
| MIKE MCDONALD, WARDEN | |
| Respondent. | |

*Introduction*

    Subsequent to the issuance of Findings and Recommendations in this case on the merits on June 28, 2013, petitioner filed a motion to stay the case (August 1, 2013) so that he could exhaust an unexhausted claim—an Eighth Amendment disproportionate sentencing claim. For the reason that the new Eighth Amendment claim would most assuredly be denied on its merits, the motion to stay should be denied.

*Background*

    The undersigned will not repeat the lengthy background set forth in the merits Findings. Suffice it to say that petitioner was convicted of three counts: (1) spousal abuse, (2) criminal threats, and (3) intimidating a witness. He received 25 years to life imprisonment sentences on

each of the counts; two of the count sentences (spousal abuse and witness intimidation) were stayed pursuant to Cal. Penal Code §654.

One of the claims made in the petition, already adjudicated on its merits by the undersigned, involved an assertion that the state court erred in not "striking a strike," such that petitioner incurred his indeterminate life sentence on account of one of his prior convictions not having been stricken for sentencing consideration purposes. The undersigned found:

> Of course, this is not the proper issue in federal habeas as the state court's application of state law cannot be reviewed in federal habeas except under the most arbitrary of bases for its application. Bradshaw v. Richey, 546 U.S. 74, 76, 126 S. Ct. 602 (2005). Also, no provision of the Constitution speaks to any right to have a prior conviction not considered in sentencing. See Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000). Thus, the federal issue, and only issue reviewable here, if it had been exhausted before the California Supreme Court, is one of disproportionate sentencing under the Eighth Amendment. See Crosby v. Schwartz, 678 F.3d 784, 791-92 (9th Cir. 2012); Gonzalez v. Duncan, 551 F.3d 875 (9th Cir. 2008) (a case in which the state trial court had refused to "strike a strike" pursuant to a Romero motion).
>
> The undersigned will leave the non-raised issue as just that—not presently able to be reviewed as it was neither raised nor exhausted. However, should petitioner raise this unexhausted Eighth Amendment issue before the district judge on objections, a type of informal amendment on review of objections sometimes permitted by the Ninth Circuit in the experience of the undersigned, petitioner should know that only two scenarios are capable of being obtained: a stay of this now federal "mixed petition" case and remand to state court for exhaustion of the Eighth Amendment issue, or an outright denial of the unexhausted claim as 28 U.S.C. § 2254(b)(2) permits only a denial of an unexhausted claim. In all probability, an amended claim based on the Eighth Amendment given petitioner's serious criminal record would ultimately fail. Compare Crosby with Gonzalez. In addition, the crimes for which petitioner was convicted herein (the third strike) do not involve a mere failure to file, or timely file, a sex offender registration, in the scheme of things a less serious criminal offense, as was the situation in the two cases cited above. Rather, petitioner was convicted of serious and violent spousal abuse crimes in this case and he had a very serious past criminal record.

Findings and Recommendations at 8-9.

/////

Petitioner seeks to stay his federal petition, and exhaust the Eighth Amendment claim in state court so that, if necessary, it can be reviewed within the confines of this petition. He believes that, despite his status as a three strike offender, the effective 25 years to life indeterminate sentence is grossly disproportionate to the crime of criminal threats—the sentence which was not stayed.

*Discussion*

> A district court may properly stay a habeas petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir.2003), abrogated on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir.2007), or Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (1995). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir.2009). Kelly and Rhines set out different procedures and impose different requirements for obtaining a stay. Under Kelly, a district court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070–71). Once the additional claims have been exhausted, the petitioner may amend his petition to add them to the original petition, provided, of course, the new claim is not time-barred (because a stay pursuant to Kelly does not toll the federal limitations period with respect to the unexhausted claim). King, 564 F.3d at 1135, 1140–41. A district court may also deny a request for a stay under Kelly if the new claim cannot be added to the existing habeas petition after it is exhausted in state court due to the time-bar. King, 564 F.3d at 1141. An amendment of a habeas petition relates back to the original filing date for statute of limitations purposes only if it shares a "common core of operative facts" with the original claim. Mayle v. Felix, 545 U.S. 644, 664, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). Thus, the Kelly procedure is "not only a more cumbersome procedure for petitioners, but also a riskier one." Kelly, 564 F.3d at 1140.
>
> Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines, 544 U.S. at 277. Such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at 1140. However, to qualify for a stay under Rhines, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. Rhines, 544 U.S. at 277–78. The Kelly procedure, which has remained available after Rhines, does not require a showing of good cause. King, 564 F.3d at 1140.

3

Girley v. Swarthout, 2013 WL 5597140 (E.D. Cal. Oct. 11, 2013).

Technically, petitioner does not qualify for a Rhines stay because, at present, his petition is not mixed, i.e., he has only proffered in his motion a potential claim not formally added to the petition. However, this technicality could be easily overcome by simply adding it to the present petition. Nevertheless, the complete absence of any proffered explanation for not heretofore raising the Eight Amendment claim would doom the Rhines stay request. If treated as a request for a Kelly stay, petitioner might avoid the time bar for his belated claim given that the "striking a strike" request in state court employs the same set of core facts as would be utilized in the Eighth Amendment context. See Mayle v. Felix, supra. But the overriding problem faced by petitioner, no matter how his request is construed, is that the Eighth Amendment claim has no merit—either because it is procedurally defaulted, or under any reasonable interpretation of federal law on the merits.

Respondent is correct in arguing that if such a federal claim were to be presented to the state courts, the overwhelming probability is that the claim would be procedurally defaulted. See People v. Kelley, 52 Cal. App. 4th 568, 583, 60 Cal. Rptr. 2d 653 (1997). Respondent is also correct that if the federal claim were ever able to be reviewed on its merits in federal court, despite the procedural default, it would fail. However, there is no need to finally decide the ins and outs of procedural bar for a claim, when that claim is so clearly susceptible of being denied on its substantive merits. See Henry v. Ryan, 720 F.3d 1073, 1079-80 (9th Cir. 2013). Therefore, pursuant to 28 U.S.C. §2254(b)(2), the undersigned will deem the Eighth Amendment claim as added to the present petition, and will recommend denial on its merits.[1]

Under federal law as established by the Supreme Court, a finding that a sentence is barred by Eighth Amendment proportionality review is one that is "exceedingly rare" or "extreme."

---

[1] To the extent that petitioner claims under state law or the California state constitution that his sentence was disproportionate, such state law claims are not reviewable in federal habeas in any event. Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475 (1991). The only claim reviewable here is the federal Eighth Amendment claim. If petitioner desires to challenge his sentence under state proportionality review, doubtful as that outcome might be for petitioner, he remains free to do so regardless of a stay issued or rejected here.

Lockyer v. Andrade, 538 U.S. 63, 73, 123 S. Ct. 1166 (2003).  The Supreme Court has set forth the factors to be considered.

> Justice KENNEDY, joined by two other Members of the Court, concurred in part and concurred in the judgment. Justice KENNEDY specifically recognized that "[t]he Eighth Amendment proportionality principle also applies to noncapital sentences." Id., at 997, 111 S.Ct. 2680. He then identified four principles of proportionality review-"the primacy of the legislature, the variety of legitimate penological schemes, the nature of our federal system, and the requirement that proportionality review be guided by objective factors"-that "inform the final one: The Eighth Amendment does not require strict proportionality between crime and sentence.  Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Id., at 1001, 111 S.Ct. 2680 (citing Solem, *supra*, at 288, 103 S.Ct. 3001). Justice KENNEDY's concurrence also stated that Solem "did not mandate" comparative analysis "within and between jurisdictions." 501 U.S., at 1004-1005, 111 S.Ct. 2680.
>
> The proportionality principles in our cases distilled in Justice KENNEDY's concurrence guide our application of the Eighth Amendment in the new context that we are called upon to consider.

Ewing v. California, 538 U.S. 11, 23-24, 123 S. Ct. 1170 (2003).

Of course, a defendant's recidivism can play a large role in determining whether a sentence is disproportionate.  "Nothing in the Eighth Amendment prohibits California from making that choice. To the contrary, our cases establish that 'States have a valid interest in deterring and segregating habitual criminals.'" Id. at 25.  Thus, in Ewing's case, his shoplifting wobbler was viewed in the context of his prior record: three burglary convictions and one robbery conviction.  His 25 years to life "three strikes" sentence was therefore not viewed as disproportionate.  In Andrade, a case whose underlying crime involved the stealing of goods worth about $150, it was not a violation of the Eighth Amendment for Andrade to be sentenced to 25 years to life in light of his previous, extensive burglary and drug convictions.

In this case, petitioner's crimes of conviction are not of the wobbler variety; the crimes do not involve the on-its-face less than egregious petty thievery involved in Ewing and Andrade.  Petitioner was convicted of a serious type of spousal abuse, criminal threats and witness

5

intimidation. Petitioner not only beat his spousal victim, he had threatened to kill his spousal victim as well as her son. He thus starts the proportionality analysis far ahead (in a bad way) of the defendants in the aforementioned cases. Add to that previous convictions for *two gang related attempted murders* (where each victim was shot in the head, one remaining in a coma and the other becoming a paraplegic) and *residential burglary*, plus some additional lesser felonies (drug possession, batteries), plus, the fact that petitioner was on parole at the time of his underlying offenses, — and no reasonable court could declare his situation to be any different from that of Ewing and/or Andrade — the *sine qua non* of AEDPA review if petitioner were to prevail on his disproportionate sentence theory. In fact, petitioner is in a much worse situation.[2]

Ramirez v. Castro, 365 F.3d 755 (9th Cir. 2004), illustrates when a sentence may be viewed as grossly disproportionate. The defendant in that case was charged with felony petty thievery for a theft of less than $200 in value, in part because of two felony, but rather *de minimis* prior shoplifting convictions when viewed on their facts. However, these previous convictions were also used as priors to enhance the defendant's sentence to 25 years to life under the Three Strikes law. The Ninth Circuit found that application of the Three Strikes law for what it considered essentially minor, non-violent offenses to be grossly disproportionate. Petitioner's case has nothing in common with the Ramirez case. His underlying felonies of conviction were violent and/or serious, as were at least two of his prior felonies. Compare Crosby v. Schwartz, supra, — 25 years to life sentence involving a failure to register as a sex offender coupled with prior violent felonies upheld against a claim of Eighth Amendment violation.

*Conclusion*

Petitioner cannot hope to prevail on a claim of disproportionate sentencing in violation of the Eighth Amendment. Any stay to permit exhaustion so that the Eighth Amendment claim could be later reviewed in federal court would be a futile act. Habeas corpus jurisprudence does not require such futility.

/////

---

[2] Petitioner's violent history was detailed in the appellate opinion, People v. Bontemps, 2012 WL 687064 (Cal. App. 2012).

ACCORDINGLY, IT IS ORDERED that: The petition is deemed amended to add an Eighth Amendment claim of disproportionate sentencing.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's request to stay the instant petition be denied; and

2. The Eighth Amendment claim of disproportionate sentencing be denied. This recommendation is made in the context of the previous recommendation that the entire petition, as presently written, be denied. Judgment should be entered in favor of respondent.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 31, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE